CLEVELAND (CITY) v. PURCELL et.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8600. Decided May 23, 1928.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**APPEAL—Real Estate (510 E3).**

(30 I2) Appeal lies, in condemnation in Cuyahoga County, from Insolvency to Common Pleas Courts.

Error to Common Pleas.

Judgment affirmed.

Carl F. Shuler, Dir. of Law, Alfred Clum and Harry S. Brainard, Asst. Dirs. of Law, Cleveland, for Cleveland.

White, Cannon & Spieth, Cleveland, for Purcell et.

STATEMENT OF FACTS.

The City, in the exercise of the power of eminent domain, sought to appropriate certain property, belonging to Purcell, for municipal purposes, and appropriation proceedings were brought in the Insolvency Court of Cuyahoga County, and the case was heard before the Insolvency Judge and a jury, and a verdict was rendered in favor of the defendant, Purcell, for some $26,000 which the City was ready and willing to pay, but Purcell, not being satisfied with the amount of the judgment, appealed the case to the Common Pleas and in that court a motion to dismiss the appeal was overruled, and the case went on to trial, resulting in a verdict of some $10,000 more, and to reverse that judgment, error is prosecuted here.

VICKERY, J.

The principal error argued in this court was that there was no appellate jurisdiction in the Common Pleas from the Insolvency Court and that the whole procedure in the Common Pleas was without authority and the only judgment that the City should be called upon to pay would be the judgment in the Insolvency Court, —neither party having prosecuted error, would be bound by that judgment, if the case were wrongfully appealed.

It seems that the Insolvency Court of Cuyahoga County was established by an Act of the Legislature in March, 1896, under the power then existing by virtue of the Constitution providing that the Legislature might create courts inferior to the Common Pleas. It is important to bear this creative statute in mind for in it, without quoting it literally, is contained the provision, after mentioning the jurisdiction of the Insolvency Court of Cuyahoga County, that such appellate jurisdiction shall exist to party litigants, that is, the Act creating the Insolvency Court, 92 Ohio Laws, 475, or more particularly Section 13 of that Act, provides in effect that if and when a litigant can appeal from the Cuyahoga Probate, he can appeal in a like manner of case from the judgment of the Insolvency Court to the Common Pleas. It is only necessary to say, in passing, that this creative statute still exists intact in our Code.

Prior to 1902 it was deemed advisable and necessary to write a new Municipal Code of Ohio. In it (Section 21, 96 O. L. 29) appeal was allowed from the Probate Court in appropriation cases of municipalities to the Common Pleas and an appeal from the Insolvency Court to the Common Pleas Court. In 1909 the code was again amended and Sec. 21 (100 O. L. 100) provided for the trial of appropriation cases in the Common Pleas, the Probate, or the Insolvency Court, and likewise provided that error proceedings could be prosecuted in such cases from the Common Pleas Court, the Probate Court and the Insolvency Court to the then Circuit Court; and the section then provided, however, that when appropriation cases are tried in the Probate Court, an appeal may be taken to the Common Pleas.

There are no words excluding the right of appeal from the Insolvency Court to the Common Pleas Court in the Act of 1909. It must be remembered that appropriation cases could be heard in the Insolvency Court, in the Probate Court, or in the Court of Common Pleas, and the mere fact that error could be prosecuted from all of these courts, would not of itself deprive the litigant of the right to appeal from the Insolvency Court, if it existed prior thereto by virtue of the creative act of 1896.

Now the universal rule of construction of statutes is, that the law abhors the idea of the repeal of a statute by **implication**, and it is only when it is incongruous and cannot be reconciled with the new legislation that it will have such an effect.

We do not think that the Legislature intended to repeal by implication the statute of 1896. We do not think that it was necessary, if that statute is still in force and effect, as we believe it to be, for the Legislature to have done anything more than it did do in the Act of 1909 to confer appellate jurisdiction from the Insolvency Court to the Court of Common Pleas.

We think, therefore, that the contention of the City in this respect is not well taken; that case was properly appealable from the Insolvency Court to the Common Pleas Court.

The judgment of the Common Pleas must be affirmed.

(Sullivan, PJ., and Levine, J., concur.)